UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TORRENCE L HENRY, | § |
| | § |
| Plaintiff, | § |
| VS. | § CIVIL ACTION NO. G-09-46 |
| | § |
| OLUGBENGA ADEYEMI, *et al*, | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

Henry Torrance (TDCJ # 1334479), an inmate in custody of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights by Darrington unit officials Olugbenga Adeyemi, Lt. Barry Anthony and St. Gregory Young. Torrance proceeds *pro se* and *in forma pauperis*. After reviewing the complaint and more definite statement, the Court will dismiss this case for reasons that follow.

When a plaintiff seeks to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). A plaintiff proceeding pursuant to section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne*

1

*v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).  In this case, Torrance claims he was subjected to cruel and unusual punishment when Defendant Adeyemi struck him between the bars of his cell, when Adeyemi threw urine on him and when he was denied an evening meal.  He also claims that (1) Lt. Young violated his rights to due process when Young allowed a janitor to throw away the evidence that Adeyemi had thrown urine on him; and (2) Lt. Barry failed to investigate the incident after other inmates told him of it.

Torrance alleges that at approximately 4:00 p.m. on June 14, 2008, there was "a lot of yelling and name-calling" directed at Defendant Adeyemi because he refused to open the cell doors.  Adeyemi began yelling at Torrance's cellmate and, for no reason, hit Torrance in the face through the cell bars.  Torrance then threatened to report Adeyemi to his supervisor.  Adeyemi left the scene and returned after five minutes with a plastic water bottle.  He threw liquid from the bottle at Torrance and his cellmate.  Torrance determined that the liquid was urine.  Later, Torrance was not allowed to go to dinner with the other inmates.  The following day, Torrance gave his clothes and bed linens to Lt. Young, who allowed a prison janitor to throw the evidence away.  Torrance received ibuprofen and an ice pack for his face, which was swollen around his nose, mouth and eyes.

Torrance submitted Step 1 and Step 2 grievances complaining of being struck by Defendant Adeyemi and of having urine "dashed" on him by Adeyemi.  The responses to the grievances state that the matter was forwarded to the Office of the Inspector General (OIG), that the OIG found insufficient evidence to open an investigation, and that proper corrective action had been taken by the unit administration. Torrance did not file a grievance regarding his claim that he was denied one (1) meal, that Defendant Young allowed a janitor to destroy evidence or that Defendant Barry refused to investigate the incident.

The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e, which mandates that no action shall be brought by a prisoner until all available administrative remedies are exhausted. 42 U.S.C. § 1997e(a). Exhaustion is mandatory, is required for all actions brought by prisoners and will not be excused when an inmate fails to timely exhaust his administrative remedies. *Booth v. Churner*, 532 U.S. 731 (2001); *Woodford v. Ngo*, 548 U.S. 81, 84 (2007). Because Torrance failed to exhaust administrative remedies regarding claims against defendants Young and Barry, they must be dismissed.

The next issue concerns the use of force by Adeyemi when he struck Torrance in the face between the cell bars. Courts must balance the constitutional rights of convicted prisoners with the needs of prison officials to use force effectively to maintain prison order. To prevail on this claim, Torrance must prove that the force was applied "maliciously and sadistically to cause harm," and "not in a good faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

That is not to say that every malevolent touch by a prison official gives rise to a constitutional claim of excessive force; in fact, the Eighth Amendment prohibition against "'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (citations omitted). A single incident of force or a single blow is *de minimis* and thus does not violate the Eighth Amendment. *Jackson v. Colbertson*, 984 F.2d 699, 700 (5th Cir. 1993). The Fifth Circuit has repeatedly emphasized that an inmate must have suffered more than a *de minimis* physical injury to sustain a meritorious civil rights claim. In this case, Torrance has not alleged more than *de minimis* injury. Evaluated within all parameters of an excessive use of force claim, the evidence provided by

Torrance reveals that some force was employed during a situation involving inmates who were screaming and yelling at Adeyemi.  Torrance received one hit on the face through the cell bars and he suffered minor swelling that required no treatment other than an ice pack. Given the context in which the alleged force was applied, the amount of force applied and the resultant lack of serious physical injury, the excessive use of force claim is without merit.

Torrance also alleges that his civil rights were violated when Adeyemi allegedly threw urine on him. He seeks a declaration that his rights were violated.  Torrance's allegations are centered around events occurring in June 2008.  The law is clear that past exposure to illegal conduct, without any current, continuing adverse effects, is insufficient to establish a case or controversy for Article III purposes with respect to injunctive relief.  *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).  In order to obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future.  *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283 (5th Cir.), *cert. denied*, 506 U.S. 866 (1992).  Similar reasoning has been applied to suits for declaratory judgments.  *Ashcroft v. Mattis*, 431 U.S. 171 (1977)(for declaratory relief to issue, there must be a dispute which calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present rights based upon established facts).  In the instant case, there is no credible claim by the plaintiff that he is continuing to suffer similar harm at the hand of the defendant or that he faces a real, immediate threat of repeated injury.  Accordingly, he has failed to state a claim for injunctive or declaratory relief .

Based on the foregoing, the Court **ORDERS** that this case is dismissed with prejudice for failure to state a claim.

4

All pending motions are **DENIED** as moot.

    SIGNED at Houston, Texas this 19th day of January, 2012.

                                          Kenneth M. Hoyt
                                          United States District Judge